# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3438 | **DATE** | February 10, 2003 |
| **CASE TITLE** | Wsol et al v. Golembo et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Defendant's motion to dismiss the first amended complaint and for attorney's fees [11-1] is denied. Because the first amended complaint violates the requirements of Rule 8(a), F.R.C.P., plaintiffs shall file a second amended complaint and shall do so by February 24, 2003. Defendants may plead to the second amended complaint by March 10, 2003.

Defendants' motions to strike exhibits B through D, G, I and J, the affidavit of Kristi Potts and the declarations of Andrew Preston, Richard Halverson and Michael G. Mayer [24-1, 25-1, 26-1, 27-1, 28-1, 29-1] are allowed, and those affidavits and declarations are stricken.

Any stay of discovery is lifted, and the parties shall proceed with discovery forthwith. The case is set for a status conference for May 14, 2003 at 10:30 a.m., at that time a discovery cutoff date will be set. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| x | Notices MAILED by judge's staff. | | FEB 11 2003 | 33 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

01-3438.001                                              February 10, 2003

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FRANK J. WSOL, SR., ET AL.,     )
                                )
       Plaintiffs,              )      No. 01 C 3438
                                )
       v.                       )      Hon. John F. Grady
                                )
LESLIE GOLEMBO, ET AL.,         )
                                )
       Defendants.              )

## MEMORANDUM OPINION AND ORDER

The court has studied the first amended complaint and the memoranda the parties have filed concerning defendants' motion to dismiss and for an award of attorney's fees. Plaintiffs have the better of the argument. It is by no means clear that the issues in this case are the same as those decided by Judge Conlon and the Court of Appeals in Wsol v. Fiduciary Management Associates, Inc., No. 99 C 1719, 2000 WL 748143 (N.D. Ill. June 1, 2000), aff'd, 266 F.3d 654 (7th Cir. 2001), cert denied., 535 U.S. 927 (2002). That case involved a different investment advisor, different investments and specific factual findings by Judge Conlon that were adopted by the Court of Appeals in reaching its decision. The presence of East West in both cases, which is the focus of defendants' argument, is not enough to persuade us that the doctrines of collateral estoppel and res judicata are applicable in the face of

the many factual differences pointed out by plaintiffs in their memorandum. The least that can be said for plaintiffs' position is that these questions are not appropriate for disposition on a motion to dismiss. Defendants seem to recognize that their motion goes outside the pleadings and is in reality an attempt at a motion for summary judgment. Plaintiffs have countered with a number of affidavits and declarations which address the factual matters raised by defendants. Defendants have moved to strike these affidavits and declarations.

Defendants' motion to dismiss and for attorney's fees will be denied. Their motions to strike the various affidavits and declarations filed by the plaintiffs will be allowed, simply to rid the record of unnecessary paper at this point.

We had considerable difficulty in following the allegations of the first amended complaint. It is prolix, repetitious and often vague. It is a far cry from the "short and plain statement of the claim[s] showing that the pleader is entitled to relief," required by Fed. R. Civ. P. 8(a). Plaintiffs have demanded a jury trial, and the idea of attempting a jury trial based on the first amended complaint is mind-numbing. What is needed is a short, concise pleading that clearly frames the issues for trial. This does not require 43 pages; ten or twelve should suffice for this case. The complaint should allege the <u>material</u> facts, not every fact that may be relevant. Evidentiary material is neither necessary nor

appropriate.

Plaintiffs are given leave to file a second amended complaint by February 24, 2003. Defendants may have until March 10, 2003 to plead to the second amended complaint.

Despite the deficiencies in the present pleadings, the issues in the case are clear to the parties. Any stay on discovery is lifted and discovery should proceed forthwith. A status conference is set for May 14, 2003 at 10:30 a.m.

Date: February 10, 2003

ENTER:  _____
John F. Grady, United States District Judge